UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| I-FLOW CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-MC-6 |
| | ) | (VARLAN/SHIRLEY) |
| APEX MEDICAL | ) | |
| TECHNOLOGIES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 10] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of third party witness Stefanie Kramer's Motion to Quash Subpoena in a Case Pending in a Foreign District. [Doc. 1] On February 17, 2009, the parties appeared telephonically before the Court for a hearing on the instant motion. Attorney Norbert Stahl appeared on behalf of Ms. Kramer and attorney Boris Zelkind appeared on behalf of plaintiff I-Flow Corporation.

Ms. Kramer moves the Court to quash a subpoena issued by the plaintiff, I-Flow Corporation. The subpoena at issue [Doc. 6-3], dated January 19, 2009, and issued out of this Court, the United States District Court for the Eastern District of Tennessee, commanded Ms. Kramer to appear for a deposition in Palm Desert, California on January 30, 2009.[1] On January 29, 2009, Ms.

---

[1] An earlier subpoena was issued on December 17, 2008, commanding Ms. Kramer's appearance at a deposition in Seymour, Tennessee, which is located within this District, on January 5, 2009. However, the parties agreed to reset that deposition, giving rise to the subpoena now before the Court.

Kramer moved to quash the subpoena, arguing that the subpoena was unenforceable because it failed to comply with Rule 45 of the Federal Rules of Civil Procedure.

Rule 45 states, in pertinent part, that "[a] subpoena must issue as follows: . . . (B) for attendance at a deposition, from the court for the district where the deposition is to be taken." Fed. R. Civ. P. 45(a)(2)(B). In this instance, the deposition was to occur in Palm Desert, California, thus the subpoena should have issued from the Central District of California, not the Eastern District of Tennessee.[2] Thus, the Court finds that the subpoena does not comply with Rule 45. "Courts have typically held that such a subpoena is void or invalid on its face under Rule 45." Doe I v. Walnuts, 2008 U.S. Dist. LEXIS 70986, 6-7 (W.D. Va. Sept. 19, 2008) (citing Monsanto Co. v. Victory Wholesale Grocers, 2008 U.S. Dist. LEXIS 39239, 2008 WL 2066449, *4 (E.D.N.Y. 2008) (subpoena facially invalid); Falicia v. Advanced Tenant Servs., Inc., 235 F.R.D. 5, 11 (D.D.C. 2006) (holding that the Court was unable to issue a subpoena that would require a party to produce documents in another district); James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15, 19 (D.D.C. 2002) (subpoena quashed as improper); Echostar Commc'ns Corp. v. The News Corp., Ltd., 180 F.R.D. 391, 397 (D. Colo. 1998) (invalid); Kremen v. Cohen, 2007 WL 1119396 (N. Cal. 2007) (holding that subpoenas were defective on their face "because they were not issued from the court for the district where the productions were to be made" in violation of Rule 45(a)(2)(C)); Productos Mistolin, S.A. v. Mosquera, 141 F.R.D. 226, 229 (D. Puerto Rico 1992) (subpoena void on its face); Insinga v. Daimler-Chrysler Corp., 2008 WL 202701 (N.D.N.Y. 2008) (finding a violation of Rule

---

[2]While, under the rules, the subpoena clearly should have issued from the Central District of California, service of such a subpoena would have been problematic. See Fed. R. Civ. P. 45(b).

2

45(a)(2)(C) a "relatively modest procedural defect," although one that would provide a technical basis for denying a motion to compel)).

Accordingly, for the reasons set forth above, as well as the reasons set forth more fully during the hearing, Ms. Kramer's motion [Doc. 1] is hereby **GRANTED** and the subpoena is hereby quashed.

**IT IS SO ORDERED.**

                                               **ENTER:**

                                                    s/ C. Clifford Shirley, Jr.
                                               United States Magistrate Judge